FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

2 9 2004

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | Case Number: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| SUSANNE SHERLOCK, a/k/a SUSAN | ) | |
| SHERLOCK, FALLON CARROLL, | ) | |
| a/k/a FALLON SHERLOCK and | ) | |
| PETE SHERLOCK, | ) | **1 04 22813 24** |
| | ) | |
| Defendants. | ) | |

Plaintiff, American General Life Insurance Company, as successor in interest to The Old Line Life Insurance Company of America ("AGLIC"), by and through its attorneys, files this complaint for Declaratory Judgment against the Defendants, Susanne Sherlock, Fallon Carroll and Pete Sherlock, and alleges and says:

## THE PARTIES

1.    AGLIC is a life insurance company organized under the laws of, and maintains a principal place of business in, the State of Texas and is a citizen of the State of Texas.

2.    Upon information and belief, Susanne Sherlock a/k/a Susan Sherlock (hereinafter "Susanne") maintains a primary residence in North Augusta, South Carolina and is a citizen of the State of South Carolina.

3.    Upon information and belief, Pete Sherlock maintains a primary residence located in North Augusta, South Carolina and is a citizen of the State of South Carolina.

4.    Upon information and belief, Fallon Carroll, a/k/a Fallon Sherlock, (hereinafter "Fallon Carroll") maintains a primary residence located in North Augusta, South Carolina and is a citizen of the State of South Carolina.



## JURISDICTION AND VENUE

5.      This Court is a proper venue for this declaratory judgment action since the Defendants reside in North Augusta, South Carolina and a substantial part of the acts or omissions giving rise to this dispute occurred in North Augusta, South Carolina.

## FACTUAL BACKGROUND

6.      AGLIC is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of South Carolina.

## I.      The Application

7.      On or about July 25 2002, Susanne Sherlock, as named insured and owner, applied in writing to AGLIC seeking the issuance of two life insurance policies.

8.      In completing the life insurance application, Susanne Sherlock knew that she was required to provide truthful, accurate and honest answers to the questions presented on the application.

9.      In completing the life insurance application, Susanne Sherlock knew that AGLIC would rely upon the answers recorded on the application in determining whether she was insurable and qualified for the policy for which she applied.

10.      In completing the life insurance application, Susanne Sherlock knew that she might be subject to civil and/or criminal penalties in the event she knowingly made a false statement in order to obtain an insurance policy and/or insurance benefits.

11.      In completing Part A of the life insurance application, Susanne Sherlock represented her date of birth, her Social Security number, her physical address in North Augusta, South Carolina, 29860, her South Carolina driver's license number, her occupation as a

housewife with a household income of $40,000, and a net worth of $100,000, and that she does not have any other life insurance policies owned by her or insuring her life.

12.     In completing Part A of the life insurance application, Susanne Sherlock represented, acknowledged, and agreed that "[t]he above statements are true and complete to the best of my knowledge and belief . . . this application: (1) will consist of Part A, Part B, and if applicable, related forms."

13.     In completing Part A of the life insurance application, Susanne Sherlock allegedly signed Part A of the application.

14.     On May 4, 2002, Susanne Sherlock, allegedly completed Part B of the application for life insurance.

15.     In completing Part B of the life insurance application, Susanne Sherlock provided material information in response to questions presented on the application pertaining to, among other things, the health, medical condition and identity of the proposed insured.

16.     In completing Part B of the application, Susanne Sherlock represented that she was 5'5 and weighed 150 pounds.

17.     In completing Part B of the application, Susanne Sherlock represented, acknowledged, and agreed that "[t]he above statements are true and complete to the best of my knowledge and belief . . . this application: (1) will consist of Part A, Part B, and if applicable, Part C and related forms."

18.     In completing Part B of the application, Susanne Sherlock allegedly signed Part B of the application.

19.     On May 4, 2002, Susanne Sherlock allegedly submitted to medical examination. During this medical examination, the medical examiner viewed her South Carolina driver's

license noting that the number was different then the number provided on the application. Additionally, the medical examiner noted that her height was 5'7 and that she weighed 138 pounds which was different than that provided in Part B of the application.

## II.    Policy Number MM0323334

20.    On the basis of the statements and representations obtained during the application process and in reliance upon Susanne Sherlock's complete candor, honesty and openness in disclosing information in response to questions presented during the application process, AGLIC approved the issuance of the Policy Number MM0323334.

21.    The Policy contains an issue date of November 4, 2002 and provides for a specified death benefit of $100,000.

22.    On December 30, 2002, Susanne Sherlock requested a change in ownership of Policy Number MM0323334. In completing this form, Susanne Sherlock requested the owners be changed to Fallon Carroll and Pete Sherlock.

## III.    AGLIC's Request for Identification

23.    On June 8, 2004, AGLIC sent Fallon Carroll and Pete Sherlock a request for proof of their identification and Susanne Sherlock's identification. In this request, AGLIC sought the execution of a Social Security Administration Release of Information form from Susanne Sherlock, Fallon Carroll and Pete Sherlock and a copy of their drivers' license. AGLIC requested that these documents be sent no later than July 8, 2004 and specified that "failure to provide the requested information . . . may lead to, among other things, a decision . . . to file a lawsuit seeking rescission or cancellation of your life insurance policy."

24.    To date, AGLIC has not received a response from any Defendants.

## **FIRST COUNT**

25.     Following the issuance of the policies, AGLIC discovered, for the first time, that the statements and representations contained in the written application were materially false; that Susanne Sherlock knowingly, negligently and/or intentionally made material misstatements of fact, failed to disclose and omitted material facts; and otherwise and intentionally failed to accurately, honestly and/or truthfully answer and disclose material information in response to the questions presented on the written application.  Had Susanne Sherlock completed the application truthfully and provided AGLIC with the correct answers, the policies would have been denied.

26.     Specifically, and on information and belief, Susanne Sherlock failed to disclose information pertaining to her true identity.

27.     Specifically, and on information and belief, the date of birth provided by Susanne Sherlock is not her correct date of birth.

28.     Specifically, and on information and belief, the driver's license number provided during the application process by Susanne Sherlock is not her own, is false and/or is used by another.

29.     Specifically, and on information and belief, Susanne Sherlock does not and/or did not reside at the address listed on the application.

30.     Specifically, and on information and belief, Susanne Sherlock misrepresented her net worth and household income to AGLIC.

31.     Specifically, and on information and belief, Susanne Sherlock's Social Security number is not her own and/or is used by another.

32.     Specifically, and on information and belief, Susanne Sherlock did not appear for the paramedical examination.

33.    The misstatements, misrepresentations, errors and omissions described above in paragraphs 1 through 32 were made with the actual intent to deceive. Had AGLIC known of the misstatements, misrepresentations, errors and omissions at the time of underwriting or reinstatement, it would have materially affected AGLIC's the acceptance of the risk and/or hazard assumed. Had AGLIC known of the misstatements, misrepresentations, errors and omissions at the time of underwriting or reinstatement, it would have issued the policies under materially different terms, if at all.

## SECOND COUNT

34.    AGLIC incorporates paragraphs 1-33 as if fully set forth herein.

35.    AGLIC never had a contractual relationship with Susanne Sherlock because the person insured under the Policy is not Susanne Sherlock.

36.    An imposter posing as Susanne Sherlock completed the application and/or took the physical examination for the Policy. AGLIC agreed to insure the life of the person who completed the life insurance application and/or took the medical examination described above. Given the deception employed by the person applying for life insurance with AGLIC and taking the required physical examination, the requisite meeting of the minds never existed between AGLIC and the proposed insured.

37.    Because of the deception, AGLIC believed that it was insuring the life of the person who applied for the Policy and/or completed the medical examination, not Susanne Sherlock. But for the deception, AGLIC would not have insured the life of Susanne Sherlock. As such, with no meeting of the minds as to whom AGLIC was actually insuring, the Policy is void *ab initio*.

## REQUEST FOR RELIEF

38.     AGLIC has no adequate remedy at law and therefore requests that the policy be declared null and void and rescinded, *ab initio*, and that the Court grant leave to deposit with the Clerk of the Court all premiums heretofore paid for coverage under the policies of life insurance and any interest owed pursuant to applicable law.

WHEREFORE, AGLIC demands judgment against Susanne Sherlock or in the alternative for relief more particularly described as follows:

(a)     An order declaring and adjudging the policy of life insurance bearing the number MM0323334 to be null and void and rescinded, *ab initio*;

(b)     An order permitting AGLIC to deposit with the Clerk of the Court all premiums heretofore paid for coverage under the policy of life insurance and any interest owed pursuant to applicable law; and

(c)     An order awarding prejudgment interest, post judgment interest, cost of suit, reasonable attorneys' fees and such other relief as this Court deems equitable and just to AGLIC.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: _____
C. Mitchell Brown
Federal Bar No. 5283
E. Christina Rampey
Federal Bar No. 7859
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
(803) 799-2000

10 - 29 , 2004

-7-

OF COUNSEL:

Bracewell & Patterson, L.L.P.

David T. McDowell
State Bar No. 00791222
Kirsten Barron Cohoon
State Bar No. 24034382

South Tower Pennzoil Place
711 Louisiana, Suite 2900
Houston, Texas   77002
(713) 223-2900 (Telephone)
(713) 221-1212 (Telecopier)

**ATTORNEYS FOR PLAINTIFF**
**AMERICAN GENERAL LIFE INSURANCE COMPANY**