IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) |
| | ) Civil Action No 1:04-22813-MBS-BM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| SUSANNE SHERLOCK, a/k/a SUSAN SHERLOCK, FALLON CARROLL, a/k/a FALLON SHERLOCK and PETE SHERLOCK, | ) |
| | ) |
| Defendants, | ) |

   This is an action for declaratory judgment filed by the Plaintiff seeking an order declaring and adjudging life insurance policy No. MM0323334 to be null and void and rescinded, together with other relief.  The Defendant Fallon Sherlock filed a <u>pro</u> <u>se</u> answer on December 30, 2004.  No responsive pleading has been received from the other Defendants.

   On March 7, 2005, Plaintiff filed a request for entry of default and default judgment against all three Defendants, including Fallon Sherlock, pursuant to Rule 55(b), Fed.R.Civ.P.  As Fallon Carroll filed a <u>pro</u> <u>se</u> answer, a <u>Roseboro</u> order was entered by the Court on June 6, 2005, advising the Defendant of the importance of a dispositive motion and of the need for a response to be filed.  A copy of the <u>Roseboro</u> order was also mailed to the other two named Defendants.  However, all three <u>Roseboro</u> orders were returned to the Court as undeliverable, marked "NSN" (no such number).  The <u>Roseboro</u> orders were then remailed a second time, but were again returned.  The Court has further confirmed with Plaintiff's counsel that the copy of the request for entry of default and default judgment mailed to the Defendant Fallon Sherlock was returned by the Post Office to



1

Plaintiff's counsel with the notation - no mail receptacle.[1]  Hence, it does not appear that the one Defendant who filed an answer has received notice of the pendency of Plaintiff's motion.

### Discussion

Based on the material and information provided to this Court, it is recommended that the Plaintiff's request for entry of default and default judgment be **denied**. While two of the named Defendants, Susanne Sherlock and Pete Sherlock, have failed to file a responsive pleading in this case and are therefore subject to default, the remaining Defendant, Fallon Sherlock, has filed an answer. Given the nature of this case, wherein Plaintiff seeks to have a life insurance policy declared null and void, it is impractical to have a default entered against two of the three named Defendants if Plaintiff is not entitled to default against the third Defendant. While Plaintiff argues that it is also entitled to default against the third Defendant, Fallon Sherlock, because Fallon Sherlock only filed her answer with the Court, but did not serve Plaintiff's counsel with a copy of the answer, the undersigned does not find that Plaintiff is entitled to a default judgment against Fallon Sherlock on this ground.

Plaintiff's counsel is correct that Rule 12(a)(1)(A), Fed.R.Civ.P., requires a Defendant to serve an answer on the Plaintiff within twenty (20) days after being served with the summons and Complaint, and that Rule 5(a), Fed.R.Civ.P., provides that the answer should be served on the Plaintiff. However, it is readily apparent that, even though Fallon Sherlock did not send a copy of her filed answer to Plaintiff's counsel, Plaintiff's counsel had notice that Fallon Sherlock had filed an answer with the Court in this case, and that a copy of this answer was readily obtainable from the Court. A Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972);

---

[1]All three of the Defendants were served with copies of the summons and Complaint by a process server at the addresses where service by mail of the other documents referenced herein was attempted; however, this office has been advised by the Postal Service that there are no mail receptacles at these addresses.



2

Haines v. Kerner, 404 U.S. 519 (1972); and while the file certainly reflects that the pro se litigant in this case did not send a copy of her answer to Plaintiff's counsel, under the specific facts and circumstances presented here, sufficient notice of the filing of the answer has been provided to and/or obtained by the Plaintiff such that entry of a default order against Fallon Sherlock would not be proper. *Cf.* Karlsson v. Rabinowitz, 318 F.2d 666, 668-669 (4th Cir. 1963) ["The real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff[,]" and "where actual notice of the commencement of the action and the duty to defend has been received by the one served," service under Rule 4(d) "should be liberally construed to effectuate service and uphold the jurisdiction of the court...."]. While Karlsson involved service of a complaint, the same rationale should apply to service of the Defendant's answer here. Further, as previously noted, it does not appear the Fallon Sherlock has even received notice of Plaintiff's motion.

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion for entry of a default judgment against the Defendant Fallon Sherlock pursuant to Rule 55(b), Fed.R.Civ.P., be **denied**. With respect to the remaining two Defendants, it is recommended that a default be entered only insofar as to prohibit these two additional Defendants from entering a defense in this case. However, no entry of a default as to the merits of the case should be entered, as to do so would prejudice Fallon Sherlock's ability to litigate her case.

Finally, this case presents a unique circumstance: Although the Defendant Fallon Sherlock has filed an answer, she has failed to provide a mailing address where she can be reached or served with Court filings. In fact, the Court has no way of even informing the Defendant of the filing of this Report and Recommendation. Therefore, **IT IS ORDERED** that the Plaintiff personally serve a copy of its motion for default and a copy of this Report and Recommendation on the Defendant by way of a process server, and that a proof of such service be filed with the Court. **IT IS FURTHER**



3

**ORDERED** that, in response to this Report and Recommendation, the Defendant provide the Plaintiff and the Court with a mailing address where she can be reached within ten (10) days of the date she is served with this Report and Recommendation. Defendant is advised that her failure to do so may result in the entry of a judgment against her as requested by the Plaintiff.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 2, 2005

4

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

5