IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| American General Life Insurance Company, | ) ) ) | C.A. No.: 1:04-22813-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| Susanne Sherlock a/k/a Susan Sherlock, Fallon Carroll a/k/a Fallon Sherlock, and Pete Sherlock, | ) ) ) ) | |
| Defendants | ) ) | |

Plaintiff American General Life Insurance Company brings this action for declaratory judgment against Defendants Susanne Sherlock a/k/a Susan Sherlock; Fallon Carroll a/k/a Fallon Sherlock, and Pete Sherlock. Plaintiff seeks an order declaring and adjudging life insurance policy No. MM0323334 to be null and void and rescinded. Defendant Fallon Carroll a/k/a Fallon Sherlock filed a pro se answer on December 30, 2004.

On March 7, 2005, Plaintiff filed a request for entry of default and for default judgment. By order filed June 6, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Defendants were advised of the summary judgment procedure and the possible consequences if they failed to respond adequately. The envelopes containing the Roseboro order were returned marked "Return to Sender/No Such Number." The Roseboro orders were mailed a second time, and the envelopes containing the envelopes again were returned.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge filed a Report and Recommendation on August 2, 2005 in which he recommended that

Plaintiff's request for entry of default and default judgment be denied as against Defendant Fallon Carroll a/k/a Fallon Sherlock. He further recommended that the Clerk of Court enter default against the remaining Defendants only insofar as to prohibit these two additional Defendants from entering a defense in this case. See Rule 55(a), FRCP. The Magistrate Judge ordered Plaintiff to effect personal service as to Defendant Fallon Carroll a/k/a Fallon Sherlock. He also ordered Defendant Fallon Carroll a/k/a Fallon Sherlock to provide the court with a mailing address. The record reveals that Defendant Fallon Carroll a/k/a Fallon Sherlock was served with the Report and Recommendation on August 20, 2005. This Defendant provided the court with a mailing address on August 24, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. For the reasons stated, Plaintiff's request for entry of default and default judgment is **denied** as to Defendant Fallon Carroll a/k/a Fallon Sherlock. The Clerk of Court is directed to enter default

2

as to Defendants Susanne Sherlock a/k/a Susan Sherlock and as to Pete Sherlock in accordance with Rule 55(a) only insofar as to prohibit these two Defendants from entering a defense in this case.  The court shall set a default judgment hearing forthwith.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 14, 2005